IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

─────────────────────────────────────────────────────────

UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )
                               )
v.                             )      No. <u>08-20347 D/P</u>
                               )
TYRIN PARKER,                  )
                               )
     Defendant.                )
                               )

─────────────────────────────────────────────────────────

REPORT AND RECOMMENDATION
─────────────────────────────────────────────────────────

Before the court is defendant Tyrin Parker's Motion to Set Competency Hearing, filed on May 26, 2010. (D.E. 38.) Plaintiff United States does not oppose Parker's motion. The matter was referred to the Magistrate Judge on May 26, 2010. On June 3, 2010, the parties appeared before the court on the motion. For the following reasons, the court recommends that Parker be hospitalized in a suitable facility so that he may receive treatment in an attempt to restore him to competency.

Tyrin Parker was indicted on October 21, 2008, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Pursuant to 18 U.S.C. § 4241 and upon his own petition, the court ordered Parker to submit to an examination to determine whether he is competent to stand trial on this charge.

Parker was designated to the Metropolitan Correctional Center

in Chicago, Illinois, on September 24, 2009, and he arrived at the institution on October 6, 2009, where Dr. Jason V. Dana attempted to subject him to a clinical psychiatric evaluation. Several attempts were made to interview Parker for the purpose of completing the court-ordered forensic evaluation, but his mental status was such that questioning revealed minimal personal history. (Forensic Rep. at 4.) Dr. Dana believes that Parker's "deficits in cooperation" are "a consequence of disorganized thinking and intense internal stimuli, which confuses, disorients, and distracts the defendant when he is interacting with those tasked to assist him." (Id. at 5.) "Furthermore, these deficits are believed to be a consequence of symptoms associated with formal thought disorder, specifically schizophrenia." (Id.) Parker was diagnosed as suffering from schizophrenia, paranoid type. (Id. at 6.)

In order to ascertain whether he is competent to stand trial, Parker was questioned as to the charge levied against him in the indictment. He recalled that he had been convicted of a felony in the past and knew that his mother had informed him that possession of a firearm was illegal. However, he could not connect the two pieces of information and recognize that possession of a firearm was illegal because he was a convicted felon. Parker's orientation to place and time was also impaired. He seemed to struggle with the most basic of abstract reasoning activities and was very limited in his ability to provide a cogent chronology when

answering questions about his life history.  Dr. Dana determined
that "[c]onsidering the difficulty he manifests with basic personal
information, rational discussion of his offense behavior is likely
to be beyond his capacity at this time." (Id. at 5.)  According to
Dr. Dana, Parker is not competent to stand trial:

> The issue of Mr. Parker's competency to proceed to
> criminal adjudication is predicated on whether he suffers
> from a severe mental disease or defect, the result of
> which he is unable to understand the legal proceedings or
> to properly assist in his defense.  At the present time,
> Mr. Parker appears to be suffering from any [sic] severe
> mental disease, namely schizophrenia.  Accompanying this
> condition is evidence suggestive of his tending to
> internal stimuli, making it difficult for him to
> concentrate on input from the external world.  He lacks
> the necessary capacity to cooperate with his attorney, as
> his disorganized thinking impacts his ability to tolerate
> lengthy interview sessions, and his impaired
> concentration makes it difficult for him to track the
> flow of conversations effectively.  He also appears to
> lack sufficient rational understanding of legal
> proceedings, as a result of disorganized thought process.
> The defendant presently appears to be inappropriate for
> continuation of judicial proceedings.

(Id. at 7.)  Dr. Dana concluded that Parker's "response to
pharmocotherapy is promising, in that it is believed that
adjustments to existing regimen will result in a restoration of
competency in the future."  (Id.)

     At the June 3 motion hearing, both parties stipulated to Dr.
Dana's findings and his opinion that Parker is incompetent to stand
trial.  Both parties joined in asking the court to order Dana
hospitalized in order to initiate the restoration process.  In
light of Dr. Dana's forensic report, and the entire record in this

-3-

case, this court submits that, by a preponderance of the evidence, Parker is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  This court recommends that Parker be committed to the custody of the Attorney General and hospitalized for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.  18 U.S.C. § 4241(d)(1).

    Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 8, 2010
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(c).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

-4-